GERTRUDE BRADLEY, PROSECUTRIX, v. THOMAS L. ZIM-
MERMAN, Jr., JUDGE OF THE JUVENILE AND DOMES-
TIC RELATIONS COURT IN AND FOR THE COUNTY
OF BERGEN, AND ROBERT AYLING, RESPONDENTS.

Argued May 8, 1935—Decided July 22, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutrix, *Nathan J. Littaner* (*George J. Kaplan*, of counsel).

For the respondents, *Walter G. Winne.*

PER CURIAM.

A writ of *certiorari* issued to review the determination of
the Juvenile and Domestic Relations Court in and for the
county of Bergen on an application by Robert Ayling to com-
pel Mrs. Gertrude Bradley to contribute to his support. The
proceeding was based on section 74 of the revised Poor act,
"An act for the settlement and relief of the poor, and provid-
ing for municipal, county or joint county relief, excepting
from county or joint county relief, certain municipalities,
Revision of 1924," being chapter 132 (*Pamph. L.* 1924;
*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2732, § 161-24), as
amended by chapter 238, *Pamph. L.* 1930; *Cum. Supp.
Comp. Stat.* 1925-1930, *p.* 1398, § 161-197. That section
reads in part as follows:

"The father and the grandfather, mother and grandmother,
the children and grandchildren, husband and wife, severally
and respectively, of every poor, old, blind, lame or impotent

person or other poor person or child not able to work, being of sufficient ability, shall at his, her or their charges and expense relieve and maintain every such poor person or child as aforesaid in such manner as the overseer of the poor shall order, or the court, upon its own initiative or the information of any person, after notice to such person or persons and hearing the said overseer, may so order."

The Juvenile and Domestic Relations Court directed the mother, Mrs. Bradley, to pay the sum of two dollars per week toward the support of Ayling during the time that he "remained so ill that he was unable to work."

The proofs disclose that Ayling is now thirty-four years of age; that during the lifetime of his blind father he had run away from his home and had refused to help towards the family expense; that the father had subsequently died and the mother, after being supported for a time by her remaining sons, had recently remarried; that the mother had variously assisted Ayling, on one occasion by paying his way home from Minnesota and on another by fitting him out with a complete new outfit of clothing; that Mrs. Bradley now has a savings bank deposit of $5 and no income other than that she receives weekly from her present husband $30 with which to take care of certain household expenses for herself and her husband and the latter's five children.

The first, second and third points advanced by the appellant are substantially the same, namely, that there is no proof that she is of sufficient ability to meet the maintenance payments directed by the court. We think that the point is well made. The order upon Mrs. Bradley is in effect a charge upon her present husband who is not related to, and is under no liability to support or contribute toward the support of, Robert Ayling. There is no finding, or factual foundation upon which to base a finding, that Mrs. Bradley, after the expenditures necessary for the operation of her husband's household, has a surplus which may be treated as her personal income.

Points four, five and six raise jurisdictional questions which it is unnecessary to consider.

The order under review will be vacated, without costs.